**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SPENCER WILSON,

                      Plaintiff,
    v.                                          1:20-CV-104
                                                      (TJM/DJS)

TOWN OF ULSTER; KYLE FAULKNER, *Individually and in his official capacity as a Town of Ulster Police Officer*; and WILLIAM MOYLAN, *Individually and in his official capacity as a Town of Ulster Police Detective*,

                      Defendants.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| SIM & DePAOLA, LLP<br>Attorney for Plaintiff<br>42-40 Bell Boulevard<br>Suite 201<br>Bayside, New York 11361 | SAMUEL C. DePAOLA, ESQ.<br>SANG J. SIM, ESQ. |
| COOK, NETTER, CLOONAN, KURTZ & MURPHY, P.C.<br>Attorney for Town of Ulster Defendants<br>85 Main Street<br>P.O. Box 3939<br>Kingston, New York 12401 | MICHAEL T. COOK, ESQ. |
| MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP<br>Attorney for Ulster County<br>Route 9W<br>P.O. Box 180<br>Saugerties, New York 12477 | ADAM T. MANDELL, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION and ORDER

On November 3, 2020, Plaintiff filed a Motion to Amend the Complaint, which Defendants opposed. Dkt. Nos. 18 & 20. On March 9, 2021, this Court issued a Memorandum-Decision and Order granting in part and denying in part the Motion to Amend. Dkt. No. 21, MDO. Plaintiff then filed his Amended Complaint. Dkt. No. 22. Plaintiff now seeks reconsideration of part of the Court's Decision denying leave to amend. Dkt. No. 34. Defendants oppose the Motion. Dkt. No. 35. For the reasons that follow, the Motion for Reconsideration is granted. Upon reconsideration, the Court permits further amendment, but only in part.

## I. PROCEDURAL BACKGROUND

This case concerns a confrontation between Plaintiff and an individual named Brandan Fellows and Plaintiff's subsequent interaction with law enforcement in Ulster County, New York beginning in January 2019. *See generally* Dkt. No. 22, Am. Compl. The Proposed Amended Complaint sought to add Ulster County, Brandan Fellows, Steven Fellows, ten John Doe Defendants, as well as several other individual police Defendants - Sickler, Gramoglia, and Reavy. *See generally* Dkt. No. 18-3, Prop. Am. Compl. The Proposed Amended Complaint sought to add numerous additional causes

1

of action. *See id.* at ¶¶ 157-211. As relevant to the present Motion, the Court denied leave to add a number of state law claims on the ground that those claims were barred by the applicable state law statute of limitations. MDO at pp. 9-13.

## II. MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration based on the applicability of an Executive Order by Governor Andrew Cuomo regarding the tolling of the statute of limitations for the state claims which Plaintiff maintains would render them timely. Dkt. No. 34-2 at pp. 2-3. On March 20, 2020, in response to the Covid-19 pandemic, Governor Cuomo issued Executive Order 202.8. *See Foy v. State of New York*, 2021 WL 866035, at *2 (Ct. Cl. Feb. 16, 2021). It was subsequently renewed multiple times. *Id.* at *2 n. 2.[1] By its terms the Executive Order purported to toll "any specific time limit for the commencement, filing, or service of any legal action." *Id.* at *2. Defendants oppose the Motion on the ground that the Executive Order exceeded the Governor's authority. Dkt. No. 35 at pp. 3-5.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent

---

[1] The order and its subsequent renewals are referred to here simply as the Executive Order.

2

manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for reconsideration is strict, and a motion for reconsideration will be denied unless the moving party can point to controlling decisions or facts that the court 'overlooked' and that might 'reasonably be expected to alter the conclusion reached by the court.'" *Hum. Elecs., Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

The Court raised the applicability of the statute of limitations *sua sponte* and did not consider the impact of the Executive Order. For that reason, the Court agrees that reconsideration of its prior decision is warranted. *See Bouchard v. DHL Exp. (USA), Inc.*, 2012 WL 32953, at *3 (D. Conn. Jan. 6, 2012) (granting reconsideration of statute of limitations issues that had been raised *sua sponte* by the Court). The Motion for Reconsideration is, therefore, granted.

### III. FURTHER ANALYSIS OF THE MOTION TO AMEND

The Court next turns to the merits of the Motion to Amend as affected by consideration of the statute of limitations. Doing so requires the Court to separately address the impact of the Executive Order on claims with differing statutes of limitations

3

and then consider the underlying futility defense raised by Defendants as to any claim that might be rendered timely by operation of the Executive Order.

### A. Claims Unaffected by Operation of the Executive Order

At the Court's direction, Plaintiff has clarified that he seeks to assert just four of the Proposed Amended Complaint's twelve state law causes of action against Brandan Fellows: false arrest and false imprisonment, assault and battery, malicious prosecution, and abuse of process. Dkt. Nos. 39 & 40.

As to three of the four, the Executive Order has no impact on the Court's prior analysis. With respect to Brandan Fellows, a one year limitations period applies to Plaintiff's state law intentional tort claims. N.Y. C.P.L.R. § 215(3). Plaintiff's assault and battery claim accrued on January 24, 2019, the date of the alleged confrontation between Plaintiff and Fellows. *See* MDO at p. 10 (citing *Tchatat v. City of N.Y.*, 2015 WL 5091197, at *14 (Aug. 28, 2015)). Plaintiff's abuse of process claim accrued at the time of his arrest as well. "A claim for abuse of process accrues at such time as the criminal process is set in motion, unless the plaintiff is unaware of facts supporting the claim." *Wright v. City of New York*, 2019 WL 2869066, at *3 (S.D.N.Y. July 2, 2019) (citing *Cunningham v. State of New York*, 53 N.Y.2d 851, 853 (1981)) ("It is clear . . . that the accrual of a cause of action for abuse of process need not await the termination of an action in claimant's favor."); *see also Jianjun Li v. Vill. of Saddle Rock*, 2021 WL

4

1193618, at *7 (E.D.N.Y. Mar. 30, 2021) (citing cases).  A state law false arrest/false imprisonment claim accrues upon the criminal defendant's release from custody.  *Hincapie v. City of New York*, 434 F. Supp. 3d 61, 78 (S.D.N.Y. 2020); *Hoffman v. Cty. of Delaware*, 41 F. Supp. 2d 195, 216 (N.D.N.Y. 1999).  According to the Proposed Amended Complaint Plaintiff was released on bail on February 1, 2019.  Prop. Am. Compl. at ¶ 30.  These three claims all accrued in January or February 2019 and the one year statute of limitations for them expired prior to the issuance of the Executive Order on March 20, 2020.  Those claims are time barred and leave to amend as to them was properly denied as futile.

Leave to amend to add these claims, therefore, is again denied.

### B. Impact of the Executive Order

Claims against the municipal Defendants are governed by a different, one year and ninety day statute of limitations.  *See* N.Y. Gen. Mun. Law § 50-i(1) (state law tort claims against municipal corporations and their employees are subject to a one year and ninety day statute of limitations); *see also Kavanaugh v. Vill. of Green Island*, 2016 WL 7495813, at *3 (N.D.N.Y. Dec. 30, 2016).  Thus, even those claims that would have accrued at the time of the alleged assault may be impacted by the Executive Order with respect to the municipal defendants.  The same is true of a malicious prosecution claim against Brandan Fellows since such a claim would not have accrued until April 2019

5

when Plaintiff alleges the Grand Jury dismissed the criminal charges against him.  Prop. Am. Compl. at ¶ 69; *Martin v. Cty. of Nassau*, 692 F. Supp.2d 282, 289 (E.D.N.Y. 2010) (malicious prosecution accrues upon favorable termination).

Several courts have now considered the extent to which the Governor had the authority to issue the Executive Order.  *See*, *e.g.*, *Matter of 701 River St. Assocs. LLC*, 2021 WL 1621630, at *4 (N.Y. Sup. Ct. Apr. 27, 2021); *Lopez-Motherway v. City of Long Beach*, 2021 WL 965158, at *7 (E.D.N.Y. Mar. 15, 2021); *Foy v. State of New York*, 2021 WL 866035.  While courts have questioned the authority or chosen explicitly not to address the question, the Court is aware of no court that has expressly held the Executive Order to be without effect.  *See Lopez-Motherway v. City of Long Beach*, 2021 WL 965158, at *9 (declining to exercise supplemental jurisdiction over state law claims given uncertainty about validity of Executive Order).  Given the novel nature of the question presented by the application of the Executive Order, the Court finds that these claims are not clearly untimely and that resolution of the question, should Defendants seek to raise it, would best be left to a fully briefed motion to dismiss or motion for summary judgment.

The date of Plaintiff's arrest, January 24, 2019, is the earliest possible accrual date for his claims.  Any claim accruing then and governed by General Municipal Law section 50-i would have been timely if filed through late April 2020 and so all of

6

Plaintiff's claims against the municipal defendants may have been rendered timely by virtue of the Executive Order.  Upon reconsideration, the Court grants the motion to amend to permit Plaintiff to assert his state law claims against the individual municipal Defendants.

Even assuming that a malicious prosecution claim against Brandon Fellows may be rendered timely by virtue of the Executive Order, leave to amend to add that claim is nonetheless denied on the basis that such a claim is futile. "The elements of the tort of malicious prosecution under New York State law are (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice." *Wilner v. Vill. of Roslyn*, 99 A.D.3d 702, 704 (2012) (citing cases); *see also Boomer v. Bruno*, 134 F. Supp. 2d 262, 267 (N.D.N.Y. 2001).  Plaintiff has not sufficiently alleged that Brandan Fellows initiated a criminal proceeding against him to permit this claim to move forward.  The Proposed Amended Complaint does not allege that Brandan Fellows reported to the police that he had been the victim of a crime. *See generally* Prop. Am. Compl.  Plaintiff alleges that he called the police. *Id.* at ¶ 27.  "While it is true that a defendant may be said to have initiated a criminal proceeding by providing false evidence to the police or withholding evidence that might affect the determination by the police to make an arrest," *Brown v.*

7

*Sears Roebuck & Co.*, 297 A.D.2d 205, 210 (1st Dep't 2002), the allegation here is not that Brandan Fellows provided false information in an effort to have Plaintiff arrested. Quite to the contrary, Plaintiff alleges that Brandan Fellows called his uncle, Steven Fellows, and *truthfully* reported the nature of his interactions with Plaintiff. Prop. Am. Compl. at ¶ 50. Plaintiff's claim is that Brandan Fellows truthfully stated that he had been the aggressor and had attacked Plaintiff, but that Steven Fellows nonetheless acted to protect his relative. *Id.* at ¶¶ 50-55. The nature of the allegations thus is not that Brandan Fellows falsified information leading to an arrest or was "giving advice and encouragement or importuning the authorities to act," *Barrett v. Watkins*, 82 A.D.3d 1569, 1572 (3rd Dep't 2011), but that Steven Fellows allegedly made a choice to manipulate the information in his nephew's truthful report to protect him from prosecution. Those allegations do not suggest that Brandan Fellows initiated a criminal action against Plaintiff and, therefore, leave to amend to add that claim is denied.

### C. Summary

Upon reconsideration, leave to amend is denied in its entirety with respect to claims against Brandan Fellows. Leave, however, is granted to file a second amended complaint that asserts each of the state law causes of action in Plaintiff's Proposed Amended Complaint against Defendants Faulkner, Moylan, Steven Fellows, Sickler, Gramoglia, Reavy, and the John Doe Defendants. Plaintiff shall file a second amended

8

consistent with this Order within ten (10) days. Defendants shall then respond to the second amended complaint pursuant to the deadlines set in the Federal Rules of Civil Procedure.

## IV. CONCLUSION

**ACCORDINGLY**, for the reasons stated herein, it is

**ORDERED**, that the Motion for Reconsideration is **GRANTED**; and it is further

**ORDERED**, that upon reconsideration Plaintiff's request to amend the complaint to add Brandan Fellows as a Defendant is **DENIED**; and it is further

**ORDERED**, that upon reconsideration Plaintiff's request to amend the complaint to add state law claims against the individual municipal Defendants is **GRANTED**; and it is further

**ORDERED**, that Plaintiff shall file a Second Amended Complaint consistent with this Memorandum-Decision and Order within ten (10) days.

**IT IS SO ORDERED**.

Date: May 14, 2021
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

9